UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE ESTATE OF CLAYTON ROY ZAHN, by and through KEZAWIN BOYD, Personal Representative of the Estate, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF KENT, a municipal corporation, *et al.*,<br><br>Defendants. | Case No. C14-1065RSM<br><br>ORDER ON MOTIONS IN LIMINE |

## I.     INTRODUCTION

This matter comes before the Court on Plaintiffs' Motions in Limine, Dkt. #55, and Defendants' Motions in Limine, Dkt. #53. For the reasons set forth below, Plaintiffs' Motions are GRANTED IN PART AND DENIED IN PART and Defendants' Motions are GRANTED IN PART, DENIED IN PART, AND DEFERRED IN PART.

## II.     PLAINTIFFS' MOTION IN LIMINE

1. Plaintiffs first move to exclude "claims or testimony that Mr. Zahn posed an 'immediate threat,' while he stood in his garage, to the squadron of armed Kent officers 37+ feet away down on the street." Dkt. #55 at 2. As an initial matter, Defendants argue that this and several other of Plaintiffs' Motions "masquerade as evidentiary motions," but

ORDER ON MOTIONS IN LIMINE - 1

are "essentially summary-judgment motions" improperly filed after the dispositive motion deadline and under the compressed briefing schedule and shorter page limits applicable to motions in limine. Dkt. #56 at 1. The Court agrees. Defendants further argue that whether Mr. Zahn posed an "immediate threat" is a central issue to the case and relevant under *Young v. Cnty. of Los Angeles*, 655 F.3d 1156, 1163 (9th Cir. 2011) and 9th Cir. Pattern Instr. 9.22, and that there is sufficient foundation as to Mr. Zahn posing an immediate threat to constitute a genuine issue of material fact. Dkt. #56 at 2-3. The Court finds that this evidence is relevant, and cannot be excluded via Plaintiffs' procedurally improper summary judgment arguments or on a lack of foundation. This Motion is DENIED.

2. Plaintiffs next move to exclude "claims or testimony that the shooting was lawful even though Mr. Zahn's hands were empty when he was shot." Dkt. #55 at 4. Plaintiffs argue their Motion by incorporating the same arguments as their first Motion. *Id.* at 5. This Motion is DENIED for the same reasons as stated in Plaintiffs' first Motion.

3. Plaintiffs move to exclude "claims or testimony that the shooting was lawful because the officer claims he imagined that Mr. Zahn was reaching for a knife." Dkt. #55 at 5. Plaintiffs argue that "it is not a defense that the officer subjectively claims he saw a motion he imagined was not friendly, and shot while Mr. Zahn's hands were in view," citing generally and without page number to *Deorle v. Rutherford*, 272 F.3d 1272 (9th Cir. 2001) and *Glenn v. Washington County*, 673 F.3d 864 (9th Cir. 2011). *Id.* Defendants argue that this Motion is moot "because the City of Kent and Officer Bishop do not intend to argue that Officer Bishop 'imagined' anything" and because "Officer Bishop is entitled to explain to the jury what he observed and why he perceived it as an

ORDER ON MOTIONS IN LIMINE - 2

imminent threat."  Dkt. #56 at 4 (citing *inter alia*, 9th Cir. Pattern Instr. 9.22).  The Court agrees.  This Motion is DENIED for the same reasons as stated in Plaintiffs' first Motion.

4. Plaintiffs move to exclude the expert testimony of Officer Joe Engman.  Dkt. #55 at 5.  The admissibility of expert testimony is governed by FRE 702, which states that a witness may be qualified as an expert by "knowledge, skill, experience, training, or education" and that a qualified expert may testify in the form of an opinion or otherwise if his "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue" and the testimony is based on "sufficient facts or data."  Plaintiffs argue that Officer Engman's testimony will lack foundation as to the Fourth Amendment issue and the use of bean bag shotguns.  *Id*. at 6.  Plaintiffs argue that his planned testimony is based on speculation or is in conflict with the record.  *Id.* at 6-10.  Defendants respond that Officer Engman's declarations establish that he is an expert on police procedures, defensive tactics, best practices regarding use of force, and the use of less-lethal impact projectiles including beanbag rounds.  Dkt. #56 at 4 (citing Dkt. ##16; 34).  Officer Engman declares that he has been trained on how to use beanbag rounds by the Bellevue Police Department and has been certified through the Washington State Criminal Justice Training Commission as an "Impact Weapons Instructor."  Dkt. #34 at 2.  Officer Engman also declares that his responsibilities as Bellevue Police Department's Head Defensive Tactics/Use of Force Instructor include keeping apprised of important court decisions relating to Fourth Amendment standard for use of force and attending seminars and courses on the use of force by law enforcement.  *Id.*  at 2-3.  The Court finds that Officer Engman is qualified to testify as to the topics raised in

ORDER ON MOTIONS IN LIMINE - 3

Plaintiffs' Motion. Defendants argue that Officer Engman's planned testimony will not be based on speculation or contrary to the record. Defendants argue that "Plaintiffs' arguments about the merits of Officer Engman's opinions are a subject for cross examination and go to the weight of the evidence." *Id.* at 8. The Court agrees. To the extent that Plaintiffs regard the statements of officers on the scene as to whether Mr. Zahn reached for the small of his back, as "speculation" or "contrary to the record," these are questions of fact for the jury to decide and not properly subject to a motion in limine. This Motion is DENIED.

5. Plaintiffs move "to merge the Fourth Amendment claims against Officer Bishop in the case against his employer, the city [of Kent]." Dkt. #55 at 10. Plaintiffs cite no law, other than Rule of Evidence 403, to allow the merger of these claims at this stage. Defendants argue that "Plaintiffs are asking the Court to impose vicarious liability on the City of Kent, even though decades of Supreme Court precedent have established that a governmental employer is not vicariously liable under 42 U.S.C. § 1983 merely because it employs a tortfeasor." Dkt. #56 at 9 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Additionally, Defendants argue that Plaintiffs' Motion is really a "renewed attempt to dismiss Officer Bishop's qualified-immunity defense" and that "merger of the claims would eliminate a key defense." *Id.* The Court finds that Plaintiffs have failed to assert a valid legal basis for the merger of these claims, and that the merger would prejudice Defendants. This Motion is DENIED.

6. Plaintiffs move to exclude "police claims or testimony that the shooting was lawful because it was allegedly done pursuant to city policy." Dkt. #55 at 11. Plaintiffs argue that whether the actions of the Kent police officers on the scene were done pursuant to

ORDER ON MOTIONS IN LIMINE - 4

policy is irrelevant and unfairly prejudicial or otherwise misleading under FRE 401-403. Defendants argue that Plaintiffs' Motion is "incomprehensibly vague" because there is no policy that covered the use of force generally or in all circumstances. Dkt. #56 at 9-10. Defendants state that they intend to present evidence that the use of the beanbag round was pursuant to "standard police procedure and departmental policy." *Id.* The Court finds that police policies may be relevant and helpful for the jury to frame the actions taken and not taken by the police officers at the scene, and the presentation of this evidence will not be unfairly prejudicial or misleading to the jury. This Motion is DENIED.

7. Plaintiffs move to exclude "police claims or testimony that the shooting was lawful because of training allegedly received by the officer" for the same reasons as their sixth motion in limine. *See* Dkt. #55 at 11. This Motion is DENIED for the same reasons as Plaintiffs' sixth Motion.

8. Plaintiffs move to "admit evidence that Officer Bishop is indemnified by the city, that the city pays for his legal defense, and that he will not suffer any employment consequences as a result of the lawsuit or a verdict against the defense." Dkt. #55 at 12. Plaintiffs justify the admission of this evidence "to show agency" and to show "control, bias, or prejudice of the witness" under FRE 411. *Id.* Defendants argue that this evidence should be excluded as irrelevant and unfairly prejudicial under FRE 401-403. Dkt. #56 at 10-11. Defendants argue that FRE 411 applies to "evidence regarding the indemnification of a police officer in a § 1983 action." Dkt. #56 at 11 (citing *Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994)). The Court finds that this evidence is irrelevant to the issues before the jury and any probative value is substantially

ORDER ON MOTIONS IN LIMINE - 5

1
2

outweighed by a danger of confusing the issues or misleading the jury and thus it should be excluded under FRE 403. This Motion is DENIED.

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9. Plaintiffs move to exclude "evidence not known to the officer at the time of the shooting." Dkt. #55 at 12. Plaintiffs cite to *Deorle v. Rutherford*, 272 F.3d at 1281 for the proposition that "an officer's use of force must be objectively reasonable based on his contemporaneous knowledge of the facts." Defendants appear to concede that such evidence would be inadmissible to show the effect it had on Officer Bishop's decision to use force, but argue that it is admissible for other purposes. Dkt. #56 at 11. The Court disagrees with Defendants' arguments that "the fact that Mr. Zahn was so drunk and out of control that his brother-in-law assumed police would need to use a 'stun gun' tends to corroborate the officers' account that Mr. Zahn disobeyed orders," and "the fact that Ms. Boyd got between Mr. Zahn and her husband when Mr. Zahn reached for the knife in his right, back pocket earlier that night tends to corroborate the officers' account that Mr. Zahn lowered his hands and reached for his knife after they arrived." *See id.* These facts are inadmissible as they relate to Officer Bishop's decision to use force, and Defendants have shown no other reasonable way they could be relevant, or more relevant than unfairly prejudicial. Plaintiffs' Motion is GRANTED IN PART with regard to these facts. Defendants argue that Mr. Zahn's medical history is relevant to the issue of causation and the Court agrees. Plaintiffs' Motion is DENIED IN PART with regard to Mr. Zahn's medical history. Defendants argue that "evidence that Mr. Zahn slashed the tires on his sister's car, used a pipe to shatter his sister's sliding-glass door, and punched his own mother in the face" is relevant to the issue of damages for alleged destruction of the parent-child relationship. Dkt. #56 at 11. While this

ORDER ON MOTIONS IN LIMINE - 6

information may be relevant, it also has the potential to be highly prejudicial to Plaintiffs. The Court finds that it does not have enough information before it to determine the relevancy of this information and will DEFER ruling on the admissibility of these facts for trial. Finally, the Court concludes that testimony that a folded pocket knife was found in the garage after Mr. Zahn was shot is relevant to the issues in this case. Plaintiffs' Motion is DENIED with regard to this fact.

10. Plaintiffs move to exclude "any other arrest, alleged conviction or other contact between the police and Mr. Zahn, other than on the night of the shooting." Dkt. #55 at 14. Plaintiffs argue that such evidence should be excluded as irrelevant and prejudicial under FRE 401-403 and FRE 404(b). *Id.* at 15. Defendants divide this kind of evidence into two categories. Defendants first refer to the incidents addressed above, where Mr. Zahn reached for a knife earlier in the evening and when he "slashed the tires on his sister's car, used a pipe to shatter his sister's sliding-glass door, and punched his own mother in the face." Dkt. #56 at 12. These incidents are addressed above and the Court need not repeat its rulings. Next, Defendants argue that "[e]vidence that Mr. Zahn was arrested for public intoxication and other offenses committed while intoxicated—after he had been told by his physician that he should never consume alcohol again—is highly relevant to his medical history and his life expectancy." *Id.* The Court agrees in part; Plaintiffs' Motion is DENIED with regard to evidence of arrests for public intoxication but GRANTED with regard to all other crimes before or after the July 15, 2011, incident. Defendants may provide testimony and argument about Mr. Zahn's arrests for public intoxication for the purposes of establishing the intoxication, but may not discuss *convictions* for public intoxication or related crimes.

ORDER ON MOTIONS IN LIMINE - 7

11. Plaintiffs move to exclude references by Defendants or witnesses that Defendants had probable cause to arrest Mr. Zahn. Dkt. #55 at 15. Plaintiffs point to the deposition of Officer Bishop for the proposition that Officer Bishop intended to detain Mr. Zahn to secure the scene, not for any specific crime. *Id.* (citing Dkt. #22 at 27-28). In Response, Defendants argue that, although the officers initially intended to only detain Mr. Zahn, "when Mr. Zahn disobeyed orders and reached for his knife, there was probable cause to arrest him for the crime of Obstruction." Dkt. #56 at 13. Even if true, Defendants provide no explanation for why evidence of probable cause to arrest for obstruction is relevant to the issues before the jury. The Court finds that the probative value of such evidence is outweighed by the likelihood of confusing the issues and misleading the jury under FRE 403. This Motion is GRANTED.

12. Plaintiffs also move for several "miscellaneous motions in limine":

   a. to exclude evidence of Mr. Zahn's lack of employment history. Plaintiffs offer no legal authority for excluding this evidence. *See* Dkt. #55 at 15. Defendants argue that this evidence is relevant to showing that Plaintiffs were not statutory beneficiaries under Plaintiffs' wrongful-death claim. Dkt. #56 at 13. The Court agrees that this evidence is relevant. This Motion is DENIED.

   b. to exclude evidence re: the amount sought by Plaintiffs in the claims for damages. Dkt. #55 at 16. Defendants do not oppose this Motion. *See* Dkt. #56 at 13. This Motion is thus GRANTED.

   c. to exclude any good conduct or good character evidence on the part of Officer Bishop under FRE 401-403. Dkt. #55 at 16. Defendants argue that Plaintiffs might open the door to this type of information, and argue that the Court should

reserve its ruling until such time as the evidence is offered. The Court agrees and DEFERS ruling on this Motion to trial.

   d. to exclude testimony or argument that the officer shot Mr. Zahn in "self-defense" under state law. Dkt. #55 at 16. Plaintiffs offer no specific legal authority for excluding this evidence, instead incorporating by reference "sections II, III and IV," of their brief. In Response, Defendants argue that there is evidence that the officers on the scene believed Mr. Zahn posed an imminent threat to his family members and the officers, and that the jury "need[s] to hear what officers observed and why they interpreted Mr. Zahn's actions as a threat." Dkt. #56 at 14. The Court agrees in part. Plaintiffs' Motion is DENIED with regard to testimony that officers acted to protect themselves and others, but GRANTED with regard to testimony or argument that the officers' actions constitute self-defense under state law.

### III.   DEFENDANTS' MOTIONS IN LIMINE

1. Defendants first move to exclude "evidence and argument that the City of Kent is defending or indemnifying Officer Bishop." Dkt. #53 at 3. The Court has already addressed this issue with regard to Plaintiffs' eighth Motion, above, and will exclude such evidence. This Motion is GRANTED.

2. Defendants move to exclude evidence and argument referring to the allegedly wrongful conduct of law-enforcement officers and agencies other than Defendants under FRE 401-403. Dkt. #53 at 3. Plaintiffs argue that the Court should reserve ruling on this Motion. Dkt. #57 at 5. Plaintiffs point to a newspaper article with the headline "Shielded by the Law: 213 People Were Killed By Police In Washington From 2005 To

2014—One Officer Was Charged." *Id.* Plaintiffs point to the fact that the City of Seattle is under federal court supervision, to Plaintiffs' counsel's own prior experience with police wrongful death cases, and "share[d]… attributes" of police departments in Puget Sound—all without citation. *Id.* The Court finds that these arguments only support Defendants' position that this information has little to no probative value and a high likelihood of causing unfair prejudice. This Motion is GRANTED.

3. Defendants move to exclude prior bad acts or disciplinary history of Officer Bishop or other witnesses offered by Defendants under FRE 404(a) and (b). Dkt. #53 at 4. Plaintiffs do not object. Dkt. #57 at 6. This Motion is GRANTED.

4. Defendants move to exclude any references to Officer Bishop as the "shooter" and Mr. Zahn as the "victim." Dkt. #53 at 4. Defendants argue that these individuals should be referred to by name, and that such labels are misleading, inflammatory, and argumentative, and should be prohibited under FRE 403. *Id.* Plaintiffs argue that:

> Officer Bishop aimed his shotgun at Mr. Zahn. He pulled the trigger. Officer Bishop shot Clayton Zahn. The Merriam-Webster Dictionary says a "shooter" is "a person who shoots a weapon." Officer Bishop is the shooter…. The Merriam-Webster Dictionary says the simple definition of 'victim" is "a person who has been attacked, injured, robbed, or killed by someone else." Mr. Zahn was "injured" by "someone else"—the officer. Mr. Zahn is the victim."

Dkt. #57 at 7. Plaintiffs argue that these terms are accurate, objective and truthful. *Id.* The Court disagrees. These terms may be accurate and truthful, but they are not objective or necessary. The labels "shooter" and "victim" are unnecessarily argumentative and Plaintiffs can easily refer to Officer Bishop and Mr. Zahn by name. This Motion is GRANTED.

ORDER ON MOTIONS IN LIMINE - 10

5. Defendants move to require Plaintiffs to "redact the cause and manner of death from Mr. Zahn's death certificate" under FRE 403.  Dkt. #53 at 5-7.  Mr. Zahn's death certificate identifies the manner of Mr. Zahn's death as "homicide" and the immediate cause of death as "blood sepsis" as a consequence of several factors, including "shotgun wound abdomen."  Dkt. #1 at 17.  Plaintiffs argue that Mr. Zahn's prior condition is relevant under the "eggshell skull" doctrine and Washington Pattern Jury Instruction 30.18.01.  Dkt. #57 at 8-13.  The Court agrees with Plaintiffs that Mr. Zahn's prior condition is relevant, and the death certificate's listing of the causes of death is more probative than prejudicial.  Although the manner of death listed as "homicide" may be prejudicial, the author of this death certificate will be a witness and Defendants have demonstrated that they intend to expose facts that call into question the conclusions of the death certificate and can argue their position to the jury.  This Motion is DENIED.

6. Defendants move to "limit Dr. Addy's testimony and opinions to those given during his deposition, because Plaintiffs failed to disclose any other expert opinions."  Dkt. #53 at 7.  Defendants argue that Plaintiffs did not disclose Dr. Addy as an expert witness, nor did they provide the subject of Dr. Addy's planned testimony other than "fact witness re the cause of death" after prompting from Defendants.  Dkt. #53 at 7-8.  In Response, Plaintiffs argue that "[t] opinions of Dr. Addy… were disclosed the day this lawsuit was filed" because his certificate of death was attached to the Complaint," and that Defendants were "perfectly capable of obtaining Mr. Zahn's medical records."  Dkt. #57 at 13-14. Plaintiffs appear to argue that they have sufficiently disclosed Dr. Addy as an expert witness.  *Id.*  This argument is incorrect—Plaintiffs have not disclosed Dr. Addy as an expert as required under Rule 26(a)(2)(A) or provided the necessary subject matter

ORDER ON MOTIONS IN LIMINE - 11

disclosure under Rule 26(a)(2)(C).  Dr. Addy is thus precluded from testifying as an expert, but may testify as a treating physician limited to the facts and opinions of his prior treatment of Mr. Zahn, including preparing the death certificate.  Defendants cannot argue unfair surprise with regard to such testimony.  Defendants are correct that Dr. Addy cannot testify as to causation outside the scope of his treatment.  *See Henricksen v. Conoco Phillips Co.*, 605 F. Supp. 2d 1142, 1159-60 (E.D. Wash. 2009).  The Court finds that Defendants have presented no legal basis for limiting Dr. Addy's testimony to what was discussed in deposition.  This Motion is DENIED IN PART as stated above.

7. Defendants move to exclude non-party witnesses from the courtroom until their testimony is concluded under FRE 615.  Dkt. #53 at 8.  Plaintiffs do not oppose this Motion.  Dkt. #57 at 14.  The Court typically follows this practice.  This Motion is GRANTED.

## IV.    CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motions and Defendants' Motions are GRANTED IN PART, DENIED IN PART, AND DEFERRED IN PART as stated above.

DATED this 11th day of February 2016.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS IN LIMINE - 12